**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JEAN R. GERMAIN,
      Appellant,

     v.

FEDERAL RESERVE SYSTEM,
      Agency.

DOCKET NUMBER
NY-4324-21-0117-I-1

DATE: March 20, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Jean R. Germain</u>, Princeton, New Jersey, pro se.

<u>Linda Ajawara</u> and <u>Richard Grant</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**REMAND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his Uniformed Services Employment and Reemployment Rights Act of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

1994 (USERRA) appeal for adjudicatory efficiency. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the New York Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant was employed as a CN-51 Examiner for the Consumer Financial Protection Bureau in New York City. *Germain v. Federal Reserve System*, MSPB Docket No. NY-0752-21-0042-I-1, Initial Appeal File (0042 IAF), Tab 1 at 7. Effective December 7, 2020, the agency removed the appellant from his position for disrespectful conduct and making an inflammatory statement. *Id*. at 29-36. On January 7, 2021, the appellant appealed his removal to the Board. 0042 IAF, Tab 1 at 3, 5. During his appeal, the appellant raised various affirmative defenses, including a violation of his rights under USERRA. 0042 IAF, Tab 89 at 2, Tab 93 at 1. The appellant's requested hearing was held on September 13, 2021. 0042 IAF, Tab 100, Hearing Recording. Thereafter, the administrative judge issued an initial decision affirming the appellant's removal, and the appellant filed a petition for review of that initial decision, which is pending before the Board and will be addressed in a separately issued decision. 0042 IAF, Tab 109, Initial Decision; *Germain v. Federal Reserve System*, MSPB Docket No. NY-0752-21-0042-I-1, Petition for Review File, Tab 1.

¶3 On June 25, 2021, the appellant filed this appeal indicating that he was challenging his removal. *Germain v. Federal Reserve System*, MSPB Docket No. NY-4324-21-0117-I-1, Initial Appeal File (0117 IAF), Tab 1 at 3, 5. He provided a March 23, 2021 letter stating that his Department of Labor (DOL) USERRA file was being referred to the Office of Special Counsel for consideration of legal action. 0117 IAF, Tab 3 at 4. The administrative judge docketed the appeal as a USERRA appeal; however, she noted that the appeal seemed duplicative of his prior appeal and allowed the appellant an opportunity to

provide arguments and evidence on that issue. 0117 IAF, Tabs 6-7. The appellant indicated that the same administrative judge mishandled his prior appeal when she repeatedly postponed his hearing and the agency withheld evidence and prevented certain witnesses from participating in the hearing. 0117 IAF, Tab 8 at 5-6. The administrative judge issued an initial decision dismissing the appeal for adjudicatory efficiency. 0117 IAF, Tab 10, Initial Decision (ID) at 3. She found that the appellant's USERRA claim was litigated during the prior appeal and would be addressed in the initial decision in that appeal. ID at 2.

¶4        The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. He asserts that he raised claims in this appeal that were not raised or adjudicated in the prior appeal. *Id*. at 6. The agency filed a response, PFR File, Tab 3, to which the appellant replied, PFR File, Tab 4.

## ANALYSIS

¶5        The administrative judge correctly set forth the legal principle that, when an appellant files an appeal that raises claims raised in an earlier appeal after the initial decision in the earlier appeal has been issued but before the full Board has acted on a petition for review, it is appropriate to dismiss the subsequent appeal on the grounds of adjudicatory efficiency. ID at 2-3; *see Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶ 5 (2013); *Kinler v. General Services Administration*, 44 M.S.P.R. 262, 263-64 (1990). On review, the appellant argues that he raised five allegations in his USERRA case, but the administrative judge did not consider four of those allegations in his prior appeal: (1) the agency did not promote him in accordance with the Veterans' Recruitment Appointment authority; (2) the agency did not properly evaluate and hire him into the correct grade and quartile pay plan; (3) the agency offered a non-veteran a higher starting-onboard salary than veterans; and (4) the agency did not reasonably accommodate him by providing him assistance in upgrading his skills to maintain employment. PFR File, Tab 1 at 6, Tab 4 at 5-6. He requests that the Board

consider his USERRA claims in this appeal. PFR File, Tab 4 at 7. Because the above USERRA claims raised in this appeal were not addressed in the prior Board appeal and thus will not be fully resolved by the prior appeal, the adjudicatory efficiency doctrine relied on by the administrative judge does not apply.[3]

¶6        Although the appellant explicitly raises the specific allegations he made before DOL for the first time on review, there is no statutory time limit for filing an appeal under USERRA, and if an appellant raises a USERRA claim for the first time on review, the Board must adjudicate it. *Henson v. U.S. Postal Service,* 110 M.S.P.R. 624, ¶ 10 n.6 (2009). The Board has adopted, and the U.S. Court of Appeals for the Federal Circuit has endorsed, a "liberal approach in determining whether jurisdiction exists under USERRA." *Beck v. Department of the Navy,* 120 M.S.P.R. 504, ¶ 8 (2014) (quoting *Yates v. Merit Systems Protection Board,* 145 F.3d 1480, 1484 (Fed. Cir. 1998)). Further, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, we believe that the administrative judge provided overly brief jurisdictional notice for the appellant's USERRA claims in his prior appeal. 0042 IAF, Tab 93.

¶7        Thus, on remand, the administrative judge shall inform the appellant of how to establish jurisdiction over his USERRA claims. *See Rassenfoss v. Department of the Treasury*, 121 M.S.P.R. 512, ¶¶ 18-19 (2014) (remanding a USERRA appeal when the administrative judge did not adequately apprise the appellant of

---

[3] In his prior appeal, the appellant argued that his first- and second-line supervisors, who were the proposing and deciding officials in his removal, were motivated by "anti-military animus." 0042 IAF, Tab 21 at 8, 23. He observed that his first-line supervisor threatened him for taking leave under the Family and Medical Leave Act to manage his service-connected post-traumatic stress disorder. *Id*. at 5-6. He also alleged that there were pay inequities between non-veterans and veterans in his office. 0042 IAF, Tab 50 at 27, 29. The allegations raised in the appellant's prior appeal differ from the allegations raised in the present appeal.

the burdens of proof and the type of evidence necessary to satisfy those burdens); *Davison v. Department of Veterans Affairs*, [115 M.S.P.R. 640](), ¶¶ 10-11 (2011) (discussing the jurisdictional prerequisites for an USERRA appeal). After affording the parties an opportunity to submit evidence and argument on those issues, the administrative judge shall decide whether the Board has jurisdiction over this appeal and, if so, adjudicate the merits of this appeal after holding the requested hearing. *See Kirkendall v. Department of the Army*, [479 F.3d 830](), 844-46 (Fed. Cir. 2007) (en banc) (explaining that, when an appellant has established Board jurisdiction over his USERRA appeal, he is entitled to a hearing). The administrative judge shall then issue a new initial decision.

## ORDER

¶8      For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.



FOR THE BOARD:                             /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.